

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00180-CV

RAY L. FOSTER                                                    APPELLANT

V.

SAM LECOMTE                                                      APPELLEE

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. 2012-70577-431

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ray L. Foster leased a hangar to Appellee Sam LeComte. LeComte let a friend store a Winnebago RV in the hangar, and the hangar caught fire because of a problem with the Winnebago's electrical system. The fire significantly damaged or destroyed the hangar. LeComte refused to pay the damages Foster requested, so Foster sued him for more than $50,000. Foster

[1]*See* Tex. R. App. P. 47.4.

now appeals from an adverse summary judgment granted in favor of LeComte. Because Foster does not challenge every summary judgment ground raised by LeComte, we affirm the trial court's judgment.

The leased hangar was located in Roanoke, Texas. The term of the lease was from August 1, 2007 through July 31, 2008. In May 2008, LeComte allowed James Carley (Carley) to store his Winnebago in the hangar. LeComte did not charge Carley rent and did not enter into a sublease with Carley. On June 7, 2008, Carley stored two additional vehicles—racecars—in the hangar. That evening, a fire occurred inside the hangar. An expert later determined that a failure of the Winnebago's electrical system caused the fire. The fire resulted in significant structural damage to the hangar, but the parties disagreed on the extent of the damage. LeComte offered to pay for the slab, with no building on it, for $20,000 to $30,000. Foster wanted more.

Foster sued LeComte, contending that LeComte had breached the lease by (1) failing to return the property in the same condition as when he took possession, (2) failing to indemnify Foster, (3) committing waste on the premises, and (4) failing to keep the leased premises free of highly flammable products. Foster challenges the summary judgment only as to the first claim.

In his live petition, Foster relied in part on section seven of the lease:

> 7. **Acceptance and Surrender of Premises.** Lessee agrees to accept the premises in possession as being in a good state of repair and in sanitary condition. Lessee agrees to surrender the premises to Lessor at the end of the lease term, if the lease is not renewed, in the same condition as when Lessee took possession, allowing for

2

reasonable use and wear and damages by acts of God, including fire and storms.

In one of his affirmative defenses, LeComte asserted

that pursuant to Paragraph 7 of the lease between [Foster] and [LeComte], [LeComte was] required to surrender the premises to [Foster] "at the end of the lease term, if the lease [were] not renewed, in the same condition, as when [LeComte] took possession, allowing for reasonable use and wear and damages by acts of God, including fire and storms."  Thus, [LeComte] should not be liable, since [Foster's] claim is based on a fire, which is specifically excepted by the lease.

Subsequently, LeComte moved for summary judgment on traditional and no-evidence grounds.  In the traditional portion of his motion, LeComte argued that he did not breach the lease provisions requiring a return of the leased property in the same condition because (1) he could only be liable for breaching the contract if his negligence or that of his invitee caused the damage, but Foster had not alleged negligence and was time-barred from doing so, and (2) the lease allowed for damages by acts of God, and those included accidental fire and storms.  Alternatively, LeComte argued (1) that even if Foster had pled negligence, LeComte did not breach the contract because he did not negligently cause the fire that destroyed the hangar and (2) that even if Foster had pled negligence and had proved that LeComte breached his duty of ordinary care, such alleged breach did not proximately cause Foster's damages because there was no cause in fact or foreseeability.  In the no-evidence portion of his motion, LeComte argued that there was no evidence to support the necessary elements of Foster's claims for breach of contract.

3

In his response to LeComte's motion, Foster argued incorrectly that LeComte had not alleged that the fire was an act of God or reasonable wear and tear that would except him from returning the premises in the same condition.

Foster also filed a motion for traditional summary judgment, in which he contended that LeComte breached the contract by committing waste, failing to indemnify Foster for any and all damages caused by LeComte and his licensees, and failing to return the hangar in the same condition as it was when he originally received it. The trial court denied Foster's motion and granted LeComte's motion without specifying the grounds on which the motion was granted.

Foster now appeals but does not challenge the summary judgment regarding indemnification or his claims of waste and presence of flammable materials.

In his first issue, Foster asserts that the trial court erred by granting summary judgment for LeComte because LeComte failed to establish, as a matter of law, that he did not breach the lease.

LeComte contended in his second amended answer that he should not be liable because Foster's "claim is base[d] on a fire, which is specifically excepted by the lease." And in LeComte's motion for summary judgment, he stated,

> It is clear that the provisions in the Lease between Plaintiff and Defendant that Plaintiff allowed for reasonable use and wear and damages by acts of God, and those included fire and storms. This language tracks Texas law, which merely requires the lessee to take ordinary, reasonable care of the property during the term of the lease.

Foster's sole argument on appeal is that the trial court incorrectly construed the language in paragraph 7 of the lease; Foster contends that the correct interpretation of paragraph 7 is that LeComte was obligated to repair the property to its pre-lease condition no matter what the cause of any damage. But this interpretation directly conflicts with the qualifying phrase in paragraph 7, "allowing for . . . damages by acts of God, including fire and storms."[2] In his brief, Foster does not address what an act of God is or is not. Because Foster does not challenge on appeal LeComte's ground that he could not have breached the lease because the fire was an accidental act of God under paragraph 7 of the lease, we must overrule Foster's first issue and affirm the summary judgment for LeComte.[3] Additionally, because we have determined that Foster's asserted interpretation of paragraph 7—that LeComte was obligated to repair the property to its pre-lease condition no matter what—which Foster relied on in his motion for summary judgment and brief, is incorrect, we overrule his second issue.

Having overruled Foster's two issues, we affirm the trial court's judgment.

---

[2]*See, e.g.*, *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 63 (Tex. 2015) (citing well-established law that, as with other contracts, we construe a lease with reference to the document as a whole, attempting to "harmonize all contractual provisions").

[3]*See Wilson v. Andrews*, No. 02-06-00429-CV, 2007 WL 2460356, at *2 (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied) (mem. op.) (affirming summary judgment on unchallenged affirmative defense of statute of frauds solely because appellants did not assign error on issue).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

GABRIEL, J., filed a dissenting opinion.

DELIVERED:  July 30, 2015